IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT D. SAJEWSKI | § | |
| VS. | § | CIVIL ACTION NO. 1:10cv163 |
| JERRY DALTON | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Robert D. Sajewski, an inmate confined at the Larry Gist State Jail, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Jerry Dalton, an officer at the Hopkins County Jail, and the Hopkins County Jail.

Analysis

The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

Plaintiff complains of events which occurred in Hopkins County, Texas. Plaintiff's claim therefore arose in Hopkins County. Pursuant to 28 U.S.C. § 124, Hopkins County is located in the Eastern District of Texas. As a result, venue is proper in this court.

However, while Hopkins County is in the Eastern District of Texas, it is in the Sherman Division of such district, rather than the Beaumont Division. When a case is filed in the wrong district or division, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Accordingly, this case will be transferred to the Sherman Division of this court. A Transfer Order shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this   23    day of   March              , 2010.


KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE